

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 12, 1960

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. WW-774

Re: Questions concerning
the maximum local
maintenance school tax
and exceptions thereto
under Articles 2784e
and 2784e-1, Vernon's
Civil Statutes.

Dear Dr. Edgar:

We quote as follows from your recent letter:

"Article 2922-16, Section 5 of the Foundation
School Program Act, provides in the third paragraph
as follows:

"'Provided that if the revenue that would be
derived from the legal maximum local mainte-
nance school tax is less than the amount that
is assigned to a school district according to
the economic index, and if such property
valuation is not less than said property is
valued for State and County purposes such
lesser amount shall be the amount assigned to
be raised by such school district.'

"Since the inception of the Foundation Program
this exception has been applied by determining the
maximum maintenance tax a district could have under
Article 2784e and applying this rate to the State and
County valuations in the particular school district.

"We would appreciate an opinion from your office
on the following question:

"Whether or not the outlined method of using
the maximum total tax of $1.50 as provided
in Article 2784e legally can be continued as
a basis for determining exceptions or should
the provisions of Article 2784e-1 and the maxi-
mum maintenance tax therein provided be applied?"

Article 2784e, Vernon's Civil Statutes, establishes
$1.50 on the One Hundred Dollars valuation as the maximum tax
for maintenance of schools and 50¢ on the Hundred Dollar

valuation as the maximum for taking care of the bonded indebtedness for the purchase, construction, repair or equipment of buildings. That statute places a $1.50 ceiling on the combined tax rate for maintenance and the tax rate for interest and sinking fund on bonds.

Article 2784e-1, Vernon's Civil Statutes, on the other hand, does not fix a ceiling on the maintenance tax and the bond tax combined. It allows school districts which elect to accept its provisions a maximum maintenance tax of $1.50 on the One Hundred Dollars valuation if the bonded indebtedness of the district is seven per cent (7%) or less of the assessed value of taxable property. The maximum tax for maintenance decreases by 10¢ for each one per cent (1%), or major fraction thereof, increase in bonded indebtedness beyond seven per cent (7%) of the assessed value of taxable property in the district. There is no limit as to the tax rate for interest and sinking fund for bonds so long as the bonded indebtedness of the district does not exceed ten per cent (10%) of the assessed value of taxable property.

In determining the "legal maximum local maintenance school tax", as required by the subject provision of Article 2922-16, it is clear that as to school districts operating under Article 2784e, the debt service requirement of such districts for interest and sinking fund on bonds would be deducted from the $1.50 legal maximum tax rate for maintenance and bonded indebtedness. This the Central Education Agency has done since the enactment of Article 2922-16, according to your letter.

If, however, a school district operating under Article 2784e-1 has its "legal maximum local maintenance school tax" determined for purposes of Article 2922-16, with reference to the limits provided in Article 2784e-1, its debt service requirement, or in other words its tax rate for interest and sinking fund on bonds, would not be deducted from its maximum tax rate for maintenance since there is not an overall or combined maximum tax rate under Article 2784e-1. Consequently, as between two school districts with the same valuation on a State and County basis, but one of which is subject to Article 2784e and the other of which is subject to Article 2784e-1, the latter would have a higher "legal maximum local maintenance tax" for purposes of Article 2922-16. It follows that such latter district would also have to bear a larger fund assignment if such increase brought the amount of "legal maximum local maintenance school tax" up above the amount assigned to the district under the economic index.

We do not believe that the Legislature intended that the computation of the "legal maximum local maintenance school tax" is to be made on the basis of the limits set in Article 2784e-1.

Patently, such a procedure would penalize initiative and discourage progress in the improvement of our schools at the local level because an extra tax burden would be placed by the State upon the school districts which elect to better their school operation and facilities through higher local taxes under the higher tax limits provided in Article 2784e-1. It would fly in the face of the manifest purpose of the Foundation School Program Act, namely to improve the public schools of Texas.

When Article 2922-16 was enacted in 1949, Article 2784e was the only statute fixing the legal maximum tax rates for school districts. Hence, at the time of the enactment, the subject portion of Article 2922-16 had reference only to Article 2784e.

Moreover, it may be seen that the particular purpose of the series of provisos in Section 5 of Article 2922-16, in which the subject proviso appears, is to afford relief from any discrimination which might be made against a school district due to the use of the economic index as a means of determining a school district's ability to contribute to the Foundation School Program. Therefore, it would be unreasonable to hold that in the subject proviso the Legislature intended for the determination of the "legal maximum local maintenance school tax" to be made in such a way as to defeat the very purpose of the proviso by discriminating against a school district. The courts will never adopt a construction that will make a statute absurd or ridiculous, or one that will lead to absurd consequences if the language is susceptible of any other meaning. 39 Tex.Jur. 222, Statutes, Sec. 118.

Article 2784e-1 says nothing about its tax rates being made applicable to the determination of the "legal maximum local maintenance school tax" under Article 2922-16. To the contrary, Article 2784e-1, in our opinion, reveals a purpose on the part of the Legislature to afford to school districts the privilege of financing a special and improved school program over and above that permitted by the Foundation School Program and the ordinary legal limits on local taxation by school districts. Such a purpose is inconsistent with the idea that the legal maximums established by Article 2784e-1 are to be used in determining what a school district should be required to contribute to the Foundation School Program. The Texas Education Agency, as indicated by your letter, gives this construction to the statute. The Courts and this Department will ordinarily uphold a construction placed upon a statute by an executive officer or department charged with its administration. 39 Tex.Jur. 235, Statutes, Sec. 126.

Accordingly, it is our opinion that all school districts

including those which operate under Article 2784e-1, should be judged by the maximum tax rates established in Article 2784e in determining the "legal maximum local maintenance school tax" of such districts for purposes of Section 5 of Article 2922-16. It should be noted that the 50¢ maximum set by Article 2784e on the tax rate for interest and sinking fund on bonds would, of course, be used in this computation even though the debt service requirement of the district operating under Article 2784e-1 exceeds this maximum.

## S U M M A R Y

The legal maximum local maintenance school tax is to be computed for purposes of Article 2922-16, Section 5, Vernon's Civil Statutes, under the maximum tax rates established in Article 2784e, Vernon's Civil Statutes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _Henry G. Braswell_
Henry G. Braswell
Assistant

HGB:mg

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

C. Dean Davis
John Reeves
Bob Eric Shannon
Grundy Williams

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore